By the Court—Monell, J.
The only question in this case is whether the notice of protest was properly served, so as to charge the indorser.
Formerly, service of notice of protest through the post-office was not allowed in any case, wherever the indorser might reside. (Ransom v. Mack, 2 Hill, 587.) The rule was subsequently relaxed. When the person to be served resided in a different place from the one where the note was presented, and there was a regular mail communication between the two places, service by post was allowed. *308 But the notice was required to be directed to the residence of the indorser. Yet it was sufficient if it was directed to a post-office where he was in the habit of receiving his letters. (Montgomery Co. Bank v. Marsh, 3 Seld., 481.) The Act of 1835, (Sess. Laws, 1835, p. 152,) declared that it was sufficient service if directed to the city or town where the indorser resided, at the time of indorsing, unless at the time of affixing his signature, he should, in addition thereto, specify thereon the post-office to which he might require the notice to be addressed. Under this act, if the indorser specified the post-office to which he desired notice to be sent, it would not be sufficient to charge him if it was sent elsewhere. In so far the former rule was changed. In the absence of any such specification, the notice must be sent to the residence of the indorser, or to the post-office where he usually received his letters, if known to the holder. Where the indorser, however, resided in the same city or town in which the note was payable, it was required that the notice should be served on him personally, or by leaving it at his residence or place of business. (Van Vechten v. Pruyn, 3 Kernan, 549.)
The act of 1857, (Sess. Laws, 1857, vol. I, p. 839, § 3,) provides that where the residence or place of business of the indorser is in the same city or town in which the note may legally be presented for payment, notice of non-payment may be served, by depositing the same, with the postage prepaid thereon, in the post-office in the city or town where such note was presented, directed to the indorser at such city or town. The notary in this case has followed the very letter of the statute, whatever may be its spirit and meaning.
I cannot entertain a doubt that an indorser may make it a part of his contract that notice of the dishonor of the note or bill shall be sent to him at a particular place, and that where he does so, and it is known to the holder, a notice sent elsewhere, would be insufficient. There are many cases in the books where it has been held to be a sufficient service if sent to the place indicated by the *309 indorser. (Story on Prom. Notes, § 314; Brent v. Bank of the Metropolis, 1 Peters S. C. R., 89; Morris v. Husson, 4 Sandf., 93.) And it seems to me to follow that a service thus made is not only sufficient, but that it cannot be made at any other place. If the maker of a note makes it payable at a particular place, it must be presented there for payment, and a presentment elsewhere would not be sufficient. (Story on Prom. Notes, $ 227.)
The object of a notice of dishonor of a note or bill to an indorser, is that he may protect himself from loss, and the law requires the greatest diligence on the part of those who would charge him, that he may receive early notice of the protest. The stringency of the common law rule has, as we have observed, been modified by the two statutes-above referred to; but neither of them has intrenched upon the right of the indorser to require notice to be given to him, at a place designated by himself. The act of 1857 must be regarded of doubtful policy in its application to large and populous cities, where hundreds of the same name are to be found, and where a notice addressed to an indorser at such a city, without any designation of street or number, would hardly reach him. Hence the greater necessity on his part of guarding against a failure to receive his notices, by a designation, under his name, of his street and number. I think he has a right to do so, and to require thereby that his notice shall be addressed to him at such place.
The defendant having done so in this case, the notary should have addressed the notice of protest accordingly.
' His failure to do so discharged the defendant, there being no evidence that he received the notice.
The judgment should be affirmed with costs.